IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

Kevin Lamonte' Hill Jr BK#22106443
_____

(Enter above the full name of the plaintiff
or plaintiffs in this action.)

vs.

F/N/U Rudd
F/N/U Porter (Badge#19515)
F/N/U Buford (Badge#6589)

(Enter above the full name of the defendant
or defendants in this action.)

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C., §1983

I.  Previous Lawsuits
   A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes (✓) No ( )

   B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   1. Parties to this previous lawsuit
      Plaintiffs: ~~[scribbled out]~~ Kevin Lamonte' Hill Jr. BK#22106443
      Defendants: Cameron Porter (Badge#19515), Sgt. Echols (Badge#14995), Captain Green (Badge#11408), Sgt. Buford (Badge#6589), Mubry (Badge#11103), Moore (Badge#1938), Crockett (Badge#20299), Burks (Badge#18744), Bass (Badge#17796), Henderson (Badge#1129), Shelby County Criminal Ce

   2. Court (if federal court, name the district; if state court, name the county): Western District of Tennesee (Western Division)
   3. Docket Number: 22-cv-2797-SHM-tmp
   4. Name of judge to whom case was assigned: Samuel H. Mays Jr
   5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) Pending
   6. Approximate date of filing lawsuit: 11/17/22
   7. Approximate date of disposition: Pending

-1-

Revised 4/18/08

Additional Defendants:

F/N/u Young (Badge#9718); F/N/u Moore (Badge#19387); F/N/u Mabry (Badge#11103); F/N/u Wright Jr (Badge#10780); F/N/u Hobson (Badge#6679); F/N/u Branch (Badge# 5144); F/N/u Harris (Badge#16208); F/N/u Turner (Badge#10934); F/N/u Austin (Badge#7998); F/N/u Boyland (Badge# 7637); and F/N/u Speights (Badge#10447)

Employed as: Correctional Deputies

Employed at: Shelby County Criminal Justice Center - 201 Poplar - Memphis, TN 38103

II. Place of Present Confinement: Shelby County Criminal Justice Center

A. Is there a prisoner grievance procedure in the institution?
   Yes (✓)   No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
   Yes (✓)   No ( )

C. If your answer is Yes:
   1. What steps did you take? I exhausted all institutional remedial measures.
   2. What was the result? Nothing has changed.

D. If your answer is No, explain why not: _____

III. Parties

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of Plaintiff Keith Lamonte' Hill Sr.
   Address 201 poplar Ave - Memphis, TN 38103

(In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of an additional defendants.)

B. Defendant F/N/U Rudd is employed as Chief Inspector at Shelby County Criminal Justice Center - 201 poplar Ave - Memphis, TN 38103

C. Additional Defendants: F/N/U Parker (Sergeant)(Badge#14615), F/N/U Buford (Sergeant)(Badge#10589), F/N/U Burks (Sergeant)(Badge#18744), F/N/U Echols (Sergeant)(Badge#14995), F/N/U Mourning (Sergeant)(Badge#14400), F/N/U Green (Captain)(Badge#11408), F/N/U Parker (Lieutenant) Shelby County Criminal Justice Center - Employed at. I have attached multiple other defendants on another sheet of paper.

IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.

At the Shelby County Criminal Justice Center, there are many policies and procedures, as well as duties and responsibilities set forth by the American Correctional Association's Standards and Accreditation Department's to provide a safe and humane environment for both staff and inmates in which public safety is emphasized and integrity in words and actions are practiced. However, at this facility, certain line and hierarchy staff members consciously and habitually, with reckless disregard, continue to conduct themselves deliberately indifferent to many policies and procedures, COVID-19 pandemic policy, and numerous duties and responsibilities. I have filed numerous grievances pertaining to every complaint listed and yet Jail officials and Jail officers continue to practice a negligent routine attributable to county policy — I attached every officer listed in their capacities as well as their Badge numbers and names. I also have enclosed letters to and from Jail officials and grievances. Most importantly, I have enclosed the exact dates, times and locations these policies were broken. As well as the exact policies and procedures broken.

-2-   Revised 4/18/08

Based off the easy to command above, I am Suing defendants: F/N/U Yaing (Badge#9718); F/N/U Moore (Badge#19387); F/N/U Mabry (Badge#11103); F/N/U Wright Jr. (Badge#10780); F/N/U Hobson (Badge#6679); F/N/U Branch (Badge#5144); F/N/U Harris (Badge#16208); F/N/U Turner (Badge#10934); F/N/U Austin (Badge#7998); F/N/U Boyland (Badge#7637); and F/N/U Speights (Badge#10447); All in their own "Individual-Capacity" for Consciously and habitually, with reckless disregard for my safety and well-being – negligently place me in unnecessary Rigor by violating 787 Duties and Responsibilities #1, #3, #5, #7; as well as for violating COVID 19 pandemic policy.

---

I am also Suing defendants: F/N/U Buford (sergeant)(Badge#6589); F/N/U Porter (sergeant)(Badge#19515); F/N/U Burks (sergeant)(Badge#18744); F/N/U Rudd (Chief Inspector); F/N/U Echols (sergeant)(Badge#14995); F/N/U Maurning (sergeant)(Badge#14410); F/N/U Green (captain)(Badge#11408); F/N/U Parker (lieutenant); All in their own Official-Capacity,

For Consciously and habitually, with reckless disregard for my safety and well being; as well as shelby county sheriff office policy allow all the line staff listed in their Individual capacity to break 787 Duties and Responsibilities #1, #3, #5, #7. Also for allowing the line staff listed violate the COVID 19 General Cleaning policy everyday, to which produces many dangers and hazards, thus placing me in unnecessary rigor during this incarceration as a pre-trial detainee; as well as violates my Right to be free from danger.

At the Shelby County Criminal Justice Center, there are policies and procedures, as well as duties and responsibilities set forth by the American Correctional Association's Standards and Accreditation department; to provide a safe and humane environment for both staff and inmates in which public safety is emphasized and integrity in words and actions are practiced. However, at this facility, certain line and hierarchy staff members consciously and habitually, with reckless disregard; continue to conduct themselves deliberately indifferent to many policies and procedures, COVID-19 pandemic policy, and numerous Duties and Responsibilities

I have filed numerous grievances pertaining to every complaint listed and yet Jail officials and Jail officers continue to produce a negligent routine attributable to county policy.

These line staff officers are (but not limited to): F/N/U Young (Badge #9718), F/N/U Hobson (Badge #6679), and F/N/U Harris (Badge #16208) who work and are assigned to Special management housing (which is the First Floor); and F/N/U Moore (Badge #14387), F/N/U Mabry (Badge #11103), F/N/U Wright Jr (Badge #10780); F/N/U Branch (Badge #5144); F/N/U Turner (Badge #10934); F/N/U Austin (Badge #7998); F/N/U Boyland (Badge #7637); and F/N/U Speights (Badge #10447); who work and are assigned to work on the 4th Floor Northside Hallway.

Policies and Procedures Violated at this facility by staff:

- "836" Inmate/Detainee Rights:

It is the policy of the Shelby County Sheriff's office that the rights of the inmates/detainees or residents, in its custody, will be protected defined and enforced.

A: The purpose of the policy is to describe the manner in which the Rights of inmates/detainees will be administered by the SCSO Jail division/Juvenile Detention services.

B: Inmates/Detainees in the custody of the SCSO will be afforded all legally established rights consistent with their status and subject to limitations set forth elsewhere in relevant policy and Procedures.

- "800" General Housing management (A&B):

The policy of the Shelby County Sheriff's Jail Division services requires that facilities be managed and staffed by properly trained and assigned personnel.

- The purpose of this policy is to ensure the secure custody and Control of the inmate/detainee population of the SCSO and to ensure a safe, healthy enviroment for the inmate/detainee and staff.

- Policy 800.04(B): Each facility will have computer terminals which allow all staff electronic access to policy and procedures (P&P), Standard operating Procedures (SOP), & Post orders (P/O) in order to be informed of their post duty requirements, and recieve detailed instructions for implementing those procedures.

- Policy 800.04(F): Security staff are required to read, sign and date the appropriate post orders log sheet and identify themselves in the Pod/area logbook each time they assume a new post or relieve the assigned pod/unit officer.

- Policy 800.04 Procedural Guidelines: Officers will be required to conduct Security Rounds within the pod every 30 minutes, on an irregular basis, noting each round in the pods logbook.

---

The Duties and Responsibilities violated by staff listed:

- 781 Duties and Responsibilities #1: Rounds are to be conducted every 30 minutes to ensure living, wellness and accountability of all inmates.
- 781 Duties and Responsibilities #3: Cups and spoons are to be sent to the kitchen to be sanitized every (7) seven days.
- 781 Duties and Responsibilities #5: An officer should not annotate anything in the logbook and do anything other then what the logbook denotes.
- 781 Duties and Responsibilities #7: Mats are to be sanitized on the 15th of every month.

° <u>COVID-19 Pandemic policy</u>: Announcements are made every hour by 186 Main Control Center for all COVID cleaning of every Pod / housing unit.

✳ <u>This cleaning consists of (but not limited to)</u>:

- ° Sanitizing the telephones of the pod/housing unit.
- ° Sanitizing the gaming pieces of the pod (chess, dominoes, etc).
- ° Sanitizing the chairs of the pod/housing unit.
- ° Sanitizing the tables of the pod/housing unit.

---

## How to easily Corroborate my claims:

If you refer to the camera footage (via CCTV) for the 4th Floor Northside housing units and 1st Floor housing units for the exact dates listed, my claim can easily be corroborated that "Conducting Rounds" <u>EVERY</u> (30) Thirty-minutes to ensure living, wellness and accountability as <u>787 Duties and Responsibilit</u> #1 denotes; has been Delibrately, Habitually, and Recklessly disregarded by line staff and hierarchy staff.

These exact dates and times are (but not limited to): The entire month of May from 1st shift to 3rd shift (1st shift - 6am-2pm) - (2nd shift - 2pm-10pm) - (3rd shift 10pm-6am); The entire month of June (1st shift - 3rd shift); The entire month of July (1st shift - 3rd shift); The entire month of August (1st shift - 3rd shift); The entire month of September (1st shift - 3rd shift); The entire month of October (1st shift - 3rd shift);

The entire month of November (1st shift - 3rd shift); The entire month of December (1st shift - 3rd shift).

If you refer to the formal reporting system pertaining to all housing units by the Jail Division named offender management system or OMS, which includes written logbooks and electronic accounts of activity, you will infact see that all officers listed have broken 787 Duties and Responsibilities #5, by annotating that their post orders, being but not limited to Duties and Responsibilities #1, #3, #7 and COVID 19 General Cleaning has been done on the approximate dates and times mandated; when infact they have not.

These false annotations by Jail officers and officials are Delibrate with reckless disregard and are routine acts attributable to County Policy.

If you refer to the Camera footage (via CCTV) for the 4th Floor Northside housing units and 1st Floor housing units, for the exact dates listed, my claims can be easily corroborated that COVID General Cleaning has been Delibrately Habitually and negligently disregarded by line Staff and Hierarchy Staff.

These dates are (but not limited to): The entire month of May from 1st Shift (6am-2pm) to (2pm-10pm) 3rd Shift (10pm-6am); The entire month of June from 1st shift (6am-2pm) to (2pm-10pm) 3rd Shift (10pm-6am); The entire mont July from 1st Shift (6am-2pm) to (2pm-10pm) 3rd shift (10pm-6am); The entire mon of August from 1st Shift (6am-2pm) to (2pm-10pm) 3rd Shift (10pm-6am); The entire month of September from 1st shift (6am-2pm) to (2pm-10pm) 3rd shift (10pm-6am); The entire month of October from 1st Shift (6am-2pm) to (2pm-10pm) 3rd shift; The entire month of November from 1st Shift (6am-2pm) to (2pm-10pm) 3rd shift; The entire month of December from 1st shift (6am-2pm) to (2pm-10pm) 3rd shift.

If you refer to the camera footage (via CCTV) for the 4th floor North-side housing units and 1st Floor Housing units on the exact dates listed, my claims can easily be corroborated that the sanitizations of mats on the 15th of every month as 787 Duties and Responsibilities #7 denotes, has been deliberately habitually and negligently disregarded by line staff and hierarchy staff.

These exact dates are (but not limited to):

05/15/22 ; 06/15/22 ; 07/15/22 ; 08/15/22 ; 09/15/22 ;
10/15/22 ; 11/15/22 ; 12/15/22

---

If you refer to the camera footage (via CCTV) for the 4th floor Northside housing units on the exact dates listed, my claims can easily be corroborated that the cups and spoons being sent to the kitchen for sanitization every (7) seven days as 787 Duties and Responsibilities #3 denotes, has been consciously, deliberately, habitually and negligently disregarded by line staff and hierarchy staff.

These exact dates are (but not limited to):

05/06/22 ; 05/13/22 ; 05/20/22 ; 05/27/22 ; 06/03/22 ; 06/10/22 ;
06/17/22 ; 06/24/22 ; 07/1/22 ; 07/8/22 ; 07/15/22 ; 07/22/22 ; 07/29/22 ;
08/05/22 ; 08/12/22 ; 08/19/22 ; 08/26/22 ; 09/09/22 ; 09/16/22 ;
09/23/22 ; 09/30/22 ; 10/07/22 ; 10/14/22 ; 10/21/22 ; 10/28/22 ;
11/4/22 ; 11/11/22 ; 11/18/22 ; 11/25/22

I have filed several grievances which I have also received replies by hierarchy staff, to which their replies were almost dismissive and even negligent, deceptive lies.

I recieved an Interoffice memo from Chief Inspector J. Rudd on 10/27/22 after I spoke with her at 11:53 hrs in the 4 mike housing unit Sally port. In my response complaint I notified her of:

- Not recieving showers
- Cups and Spoons not being sent to the Kitchen for sanitization
- Mats not being sanitized on the 15th of every month
- General Cleaning not being conducted
- Being provoked by staff.

In her Interoffice memo response to my complaint she plainly stated several bold deceptive lies. She stated she spoke with Sergeant Burks (Badge #18744) concerning the issues listed above and these are her answers:

- On 10/26/22 on the 2-10 shift, 4th floor M-pod lower side recieved recreation and showers.

- On 10/26/22 cups and sporks were taken to the main kitchen and sanitized.

- Announcements are made every hour by 186 main center for all COVID cleaning of pods. Blovex is given to each pod on the 4th floor cleaning of each cell and dayroom

- All mattresses will be sanitized today before the end of the 6-2 shift

The responses she gave on 1/04/23 weren't truthful or accurate at all. Please refer to camera footage (via CCTV) at the times she listed to corroborate if she infact told the truth or not.

These times and dates she listed:

10/26/22 - Cups and spoons weren't taken to the main kitchen to be sanitized.

10/27/22 - All mattresses were not sanitized before the end of the 6-2 shift, infact NO mattresses were sanitized at the end of the 6-2 shift for that day.

Lastly, true indeed announcements are made every hour by 186 main control center for all COVID cleaning of pods, but Brower does not get used, per COVID 19 pandemic policy, to sanitize every hour as she stated. Infact NO General cleaning gets conducted AT ALL!

Once all dates have been referenced (via CCTV), you will see this Jail official, to whom is a Chief of Inspection, has deliberately with reckless disregard told multiple blatant lies with the intent to cover the broken policies at this facility.

I also wrote her in response to the lies she deliberately told me in her inter office memo only to not be responded to. I also wrote Chief of Inspectors Charles Mayes as well, only to be ignored again.

I have formally filed multiple grievances pertaining to these many policy violations as well as wrote Chief Inspectors to prove I have exhausted all Institutional Remedies before filing my complaint. I have attached also the grievances I have filed in order to further I have exhausted all remedies this Institution offers.

I also have documentation to corroborate that F/N/u Echols (Badge # 14995) (Sergeant) has also gave several deceptive lies as well, pertaining to JCJ Duties and Responsibilities #7, mats being sanitized every month on the 15th.

If you refer to camera footage (via CCTV) on the 15th of every month you will see this too, as a lie from a sergeant of this Criminal Justice Center; to whom holds the official-capacity to document and sign his signature as an attestation for things to be genuine and true!

Finally, the post-order logbook of an officer bears the signature of officers; to whom the post was assigned, as well as the duties and responsibilities assigned. Once the post-orders are complete, they are signed and dated by another officer who has the official capacity purporting to be an attestation to the completion of all Duties and Responsibilities. These officers who have the official capacity are (but not limited to): Sergeants, Lieutenants, Captains and Chiefs.

## Conclusion of Claim

V.   Relief
     State briefly exactly what you want the court to do for you. Make no legal arguments.
     Cite no cases or statutes.

I want the Court to accept my relief against all Jail officials (being Sergeants, Lieutenants, Captains and Chiefs) in their "Official-capacity" for $500,000 for all the habitual policies and procedures negligently allowed to be broken, endangering my well-being, and my life, and my health.

I want the Court to accept my relief against all Jail officers (being any officer that doesn't have the official capacity to make attestation), in their "Individual-Capacity" for all the Habitual policies and procedures negligently and recklessly broken — To which endangered my health, life, and wellbeing. I am requesting $500,000 for the violations listed against those Jail officers listed.

VI.  Jury Demand
     I would like to have my case tried by a jury. Yes (✓) No ( ).

I (We) hereby certify under penalty of perjury that the above complaint is true to the best of our information, knowledge, and belief.

   Signed this ___4th___ day of ___January___, 20_23_.

                                    _Kersh Lamonte' Hill Jr._ 22105443

                                    _____
                                    (Signature of Plaintiff/Plaintiffs)

Previous Lawsuits

1.) Parties to this previous Lawsuit

   Plaintiffs: Kevin Lamonte' Hill Jr. (BK# 22105443)

   Defendants: Shelby County Correctional Center
              Kirk Fields
              Correctional Deputy Moore
              Correctional Deputy Bryant
              Correctional Deputy Porter
              Correctional Deputy Turner
              Captain Green
              Correctional Deputy Johnson
              Correctional Deputy Mabry
              Correctional Mason

2.) Court: Western District of Tennessee (Western Division)

3.) Docket Number: 22-cv-02351-SHM-tmp

4.) Name of Judge to whom the Case was assigned: Samuel H. Mays, Jr.

5.) Disposition: Pending

6.) Approximate date of filing Lawsuit: 11/17/2022

7.) Approximate date of disposition: Still pending